LOUIS J. DEVOTO – NJ ATTORNEY ID – 015891993
MELISSA M. BAXTER – NJ ATTORNEY ID – 109912014
ROSSETTI & DEVOTO, P.C.
ATTORNEYS AT LAW
20 BRACE ROAD, SUITE 115
CHERRY HILL, NJ 08034
(856) 354-0900
ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TIFFANY LACASSE and JAMES LACASSE, h/w, | Civil Case No. |
| Plaintiffs, | CIVIL ACTION |
| v. | |
| JOHN J. MILLILI, D.O.; SHORE MEMORIAL PHYSICIANS GROUP, P.C. (d/b/a SHORE PHYSICIANS GROUP); JOHN DOE #1-10 (fictitious names of individuals, physicians, nurses, medical personnel, sole practitioners, professional associations, partnerships, corporations, or other entities who rendered medical care to Tiffany Lacasse); and ABC CORP. #1-10 (fictitious name of the employer of defendants John J. Millili, D.O. and/or John Doe #1-10)) | **COMPLAINT, DISCOVERY REQUESTS, REQUESTS FOR COPIES OF SUBPOENAED DOCUMENTS, STATEMENT OF DAMAGES, JURY DEMAND, AND AFFIDAVIT OF MERIT** |
| Defendants. | |

The plaintiffs, Tiffany Lacasse and James Lacasse, h/w, residing at 777 Lovejoy Road, Sparta, Tennessee, say:

**JURISDICTION**

1. This Court has jurisdiction over Defendants and this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.00.

2. Plaintiff, Tiffany Lacasse, is a natural person who is a citizen of the State of Tennessee and whose domicile is 777 Lovejoy Road, Sparta, Tennessee, 38583.

3. James Lacasse is a natural person who is a citizen of the State of Tennessee and whose domicile is 777 Lovejoy Road, Sparta, Tennessee, 38583.

4. Defendant John J. Millili, D.O. is a natural person who is licensed to practice medicine in the State of New Jersey and is who is a citizen of the State of New Jersey whose domicile is Somers Point, New Jersey.

5. Defendant Shore Memorial Physicians Group, P.C. is a medical practice doing business as "Shore Physicians Group" and is incorporated in the State of New Jersey with its principle place of business at 649 Shore Road, Somers Point, New Jersey 08244.

6. At all times relevant hereto, defendant John J. Millili, D.O. was employed by and acting within the course and scope of his employment with Shore Memorial Physicians Group, P.C.

7. Venue is proper within this district pursuant to 28. U.S.C. § 1391(a)(1) and (b)(1) in that defendants conduct business in New Jersey and are subject to personal jurisdiction in this district. Venue is also proper under 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim occurred in New Jersey, including the plaintiff's treatment and surgery and subsequent damage.

## COUNT ONE

## MEDICAL NEGLIGENCE

### Tiffany Lacasse v. John J. Millili, D.O.

1. Defendant John J. Millili, D.O. is a physician licensed to practice medicine in New Jersey.

2. Defendant John J. Millili, D.O. practices the medical specialty of general surgery.

3. Tiffany Lacasse was under the care of the John J. Millili, D.O., who performed medical diagnosis and treatment including a hemorrhoidectomy surgery on November 8, 2018.

4. Defendant John J. Millili, D.O. was negligent because the medical diagnosis and treatment he rendered to Tiffany Lacasse deviated from the accepted standards of medical care.

5. As a proximate result of the negligence of the defendant John J. Millili, D.O., Tiffany Lacasse needlessly suffered painful bodily injuries including anal stricture, destruction of the functions of the anus, inability to move bowels without laxatives, painful bowel movements, additional invasive testing and treatment, and a second surgery to repair the damage and restore function to the anus, which was unsuccessful.  The injuries sustained will require further medical treatment and will in the future cause pain and suffering, disability and impairment, lost wages, medical expenses and the loss of enjoyment of life.

**WHEREFORE**, the plaintiff, Tiffany Lacasse, demands judgment against the defendant, John J. Millili, D.O., for compensatory damages, interest, attorneys' fees, and costs of suit.

## COUNT TWO

## VICARIOUS LIABILITY

**Tiffany Lacasse v. Shore Memorial Physicians Group, P.C. (d/b/a Shore Physicians Group)**

6. Plaintiff, Tiffany Lacasse, repeats all of the allegations of all of the preceding counts of this Complaint.

7. Defendant Shore Memorial Physicians Group, P.C. (d/b/a Shore Physicians Group) is a primary care and multi-specialty medical group located in Somers Point, New Jersey and is open to the general public for medical diagnosis and treatment.

8. Defendant John J. Millili, D.O. was at all times relevant hereto an employee of Shore Memorial Physicians Group, P.C. and was acting within the course and scope of his employment.

**WHEREFORE**, the plaintiff, Tiffany Lacasse, demands judgment against the defendant, Shore Memorial Physicians Group, P.C. (d/b/a Shore Physicians Group) for compensatory damages, interest, attorneys' fees, and costs of suit.

## COUNT THREE

## MEDICAL NEGLIGENCE

**Tiffany Lacasse v. John Doe #1-10 (fictitious names of individuals, physicians, nurses, medical personnel, sole practitioners, professional associations, partnerships, corporations, or other entities who rendered medical care to Tiffany Lacasse)**

9. Plaintiff, Tiffany Lacasse, repeats all of the allegations of all of the preceding counts of this Complaint.

10. Defendant John Doe #1-10 (fictitious names of physicians, nurses, medical personnel, sole practitioners, professional associations, partnerships, corporations, or other entities who rendered medical care to Tiffany Lacasse) is an individual, physician, nurse,

medical personnel, sole practitioner, professional association, partnership, corporation, or other entity through whom medical care was rendered to Tiffany Lacasse and/or who is licensed to practice medicine and/or nursing in New Jersey.

11. Tiffany Lacasse was under the care of the defendant John Doe #1-10, who rendered medical and or nursing care, treatment, and diagnosis.

12. Defendant John Doe #1-10 was negligent because the care, treatment, and diagnosis that was rendered to Tiffany Lacasse deviated from the accepted standards of medical and/or nursing care.

13. As a proximate result of the negligence of the defendant John Doe #1-10, Tiffany Lacasse needlessly suffered painful bodily injuries including anal stricture, destruction of the functions of the anus, inability to move bowels without laxatives, painful bowel movements, additional invasive testing and treatment, and a second surgery to repair the damage and restore function to the anus, which was unsuccessful.  The injuries sustained will require further medical treatment and will in the future cause pain and suffering, disability and impairment, lost wages, medical expenses and the loss of enjoyment of life.

**WHEREFORE**, the plaintiff, Tiffany Lacasse, demands judgment against the defendant, John Doe #1-10 (fictitious names of physicians, nurses, medical personnel, sole practitioners, professional associations, partnerships, corporations, or other entities who rendered medical care to Tiffany Lacasse), for compensatory damages, interest, attorney's fees, and costs of suit.

## COUNT FOUR

## VICARIOUS LIABILITY

**Tiffany Lacasse v. ABC Corp. #1-10 (fictitious name of the employer of defendants John J. Millili, D.O. and/or John Doe #1-10)**

14. Plaintiff, Tiffany Lacasse, repeats all of the allegations of all of the preceding counts of this Complaint.

15. Defendant ABC Corp. #1-10 (fictitious name of the employer of Defendant John J. Millili, D.O. and/or John Doe #1-10) employed Defendants John J. Millili, D.O. and/or John Doe #1-10.

16. At all times relevant hereto, defendants John J. Millili, D.O. and/or John Doe #1-10 were acting within the course and scope of their employment with defendant ABC Corp. #1-10.

**WHEREFORE**, the plaintiff, Tiffany Lacasse, demands judgment against the defendant, ABC Corp. #1-10 (fictitious name of the employer of Defendant John J. Millili, D.O. and/or John Doe #1-10) for compensatory damages, interest, attorney's fees, and costs of suit.

## COUNT FIVE

## LOSS OF CONSORTIUM

**James Lacasse v. John J. Millili, D.O., Shore Memorial Physicians Group, P.C. (d/b/a Shore Physicians Group), John Doe #1-10, and ABC Corp. #1-10**

17. Plaintiff, James Lacasse, repeats all of the allegations of all of the preceding counts of this Complaint.

18. James Lacasse and Tiffany Lacasse are husband and wife.

19. As a proximate result of the negligent and vicariously negligent conduct of defendants John J. Millili, D.O., Shore Memorial Physicians Group, P.C. (d/b/a Shore Physicians

6

Group), John Doe # 1-10, and ABC Corp. #1-10, James Lacasse has suffered the loss of consortium, society, and companionship of his wife.

**WHEREFORE**, the plaintiff, James Lacasse, demands judgment against the defendants John J. Millili, D.O., Shore Memorial Physicians Group, P.C. (d/b/a Shore Physicians Group), John Doe # 1-10, and ABC Corp. #1-10, for compensatory damages, interest, attorney's fees, and costs of suit.

## DISCOVERY DEMAND
## (E-DISCOVERY PREFERRED)

Plaintiff hereby demands that each defendant answer discovery requests including Rule 26 Disclosures, Rule 33 Interrogatories, and Rule 34 Request for Production of Documents below within the time proscribed by the Federal Rules of Civil Procedure. In lieu of mailing hard copies, plaintiff's counsel will accept electronic transmission of all answers to interrogatories that are sent to ldevoto@rossettidevoto.com.

## DEFINITIONS

The following definitions shall apply in answering Rule 26 Disclosures, Interrogatories, and Requests for Production of Documents:

A.  "Address" means the present or last known street name and number, city or town, state and zip code.

B.  "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description including, but not limited to, the original and any copy, of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, inter-office or intra-office communication, handwritten or other note, e-mail, working paper, chart, paper, graph, index, tape, disc, datasheet or data processing card, or any other written, recorded, electronic, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which defendants have or have had access.

C.     "Identify", "identity", or "identification" means, when used in reference to:

    1.)     A natural person, his or her:

        (a)     full name;
        (b)     home address;
        (c)     business address; and
        (d)     present or last known position, business affiliation, and job description.

    2.)     A company, corporation, association, partnership, or any legal entity other than a natural person:

        (a)     its full name;
        (b)     a description of the type of organization or entity;
        (c)     the address of its principal place of business;
        (d)     the jurisdiction of its incorporation or organization; and
        (e)     the date of its incorporation or organization.

    3.)     A document:

        (a)     its description (for example, letter, memorandum, report, etc.);
        (b)     its title;
        (c)     its date;
        (d)     the number of pages thereof;
        (e)     the subject matter;
        (f)     the identity of its author, signer, and any person who participated in its preparation;
        (g)     the identity of its addressee or recipient;
        (h)     the identity of each person to whom copies were sent and each person by whom copies were received;
        (i)     its present location; and
        (j)     the identity of its custodian. (If any such document was, but is no longer, in the possession of or subject to the control of defendants, state what disposition was made of it and when.)

D.     The term "defendant," "the defendant," "you," or "your" as used herein shall mean the person or entity to whom these interrogatories are directed and/or its agents, servants, employees, or representatives.

E.     The term "occurrence" or "incident" or "accident" shall mean the acts, omissions, or other circumstances that took place during the care and treatment of Tiffany Lacasse including the surgery on November 8, 2018 performed by John J. Millili, D.O. and which form the allegations against you in the Complaint.

## RULE 26 DISCLOSURE DEMAND

Plaintiff hereby demands that each defendant supply Rule 26 disclosures within the time proscribed by the Federal Rules of Civil Procedure. In lieu of mailing hard copies, Plaintiff's counsel will accept electronic transmission of Rule 26 disclosures that are sent to ldevoto@rossettidevoto.com.

## INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff requires each defendant to respond within thirty (30) days to the following 25 interrogatories:

**PLEASE TAKE NOTICE** that the party to which these interrogatories are addressed shall furnish all information available to that party, his agents, employees, and attorneys in response to all questions. The person answering these interrogatories shall designate if any information contained in the answers is not within his or her personal knowledge and as to that information shall state the name and address of each person from whom it was received, or, if the source of the information is documentary, a full description including identification of the document. These Interrogatories are continuing.

## INTERROGATORIES

1. Identify the person answering these interrogatories and state the date on which they were answered.

2. Describe in detail all aspects of your professional medical relationship with the plaintiff, indicating the date of commencement, the nature and extent of your medical relationship prior to the alleged occurrence, and the date and circumstances of the termination of your professional medical relationship.

3. In reference to the condition that forms the basis of the complaint, set forth: (a) the date(s) and circumstances under which you saw plaintiff; (b) any and all medical history given to you; (c) the examination(s) conducted of the plaintiff; (d) your findings on each examination; (e) your prognosis and diagnosis following each examination; and (f) any treatment or medication prescribed.

4. Identify and describe the appearance of each and every person who was present in the vicinity of the alleged occurrence, giving the name, address and occupation of each such person and stating your relationship to each.

5. Have your full rights or privileges to practice medicine been suspended, revoked or terminated in any state or hospital since you started to practice medicine? If the answer to this question is in the affirmative, state:

 (a) the reason why your full rights or privileges to practice medicine or any hospital association were suspended, revoked or terminated; and

 (b) the name of the state or hospital that suspended, revoked or terminated your full rights or privileges to practice medicine.

6. If you have ever been a defendant in a malpractice suit other than the present one, identify the case by name, court and docket number, and summarize the allegations against you and the outcome of the case, including the terms of any settlement.

7. Attach a complete copy of any written records or documents that you have regarding plaintiff, along with a typed transcription of any handwritten records and documents.

8. Attach a copy of all documents that the plaintiff signed consenting to any treatment or procedures performed or prescribed by you, as well as a copy of any literature, material, pamphlets, instructions or other information or documents that you supplied to plaintiff.

9. List all risks that you described to the plaintiff with respect to any treatment or procedures you prescribed or performed.

10. If you contend that the plaintiff's injuries were caused in whole or in part by an inherent defect in a drug, instrument, implement or other type of product or substance, identify each such allegedly defective item, including in your identification:

    (a) a complete description of its appearance, and appearance of its container or wrapper, if any;

    (b) the name and address of its manufacturer;

    (c) the name and address of the dealer or seller who sold it to the person who owned it at the time of the alleged occurrence;

    (d) the name, occupation, title, address and professional relationship to you of the person who owned it at the time of the occurrence;

    (e) a description of the use to which it is normally put;

    (f) its serial number, batch number or other specific identifying characteristics; and

    (g) the medical name for this product and a lay description of it and its use.

11. If there were any reviews performed, including investigations undertaken, hearings held or reports prepared, by the hospital, its medical staff or any officer, committee or agency of the hospital or any public body or other person or persons concerning the condition that forms the basis of the complaint, state:

    (a) the name and position of the person, persons or committee that performed the review;

    (b) the date and time of each review;

    (c) the name, address, profession or professional relationship to you of all persons present at each review;

    (d) the nature and purpose of each review;

    (e) whether the review was recorded; and

    (f) the name and address of each person who has any records concerning each review.

12. Did you refer to or rely upon any medical texts or publications in connection with the diagnosis or treatment of plaintiff? If so, identify those items by title, author and publisher.

13. Unless for purposes of impeachment, if you or your expert intend to rely on or use in any way at trial any treatise, identify the treatise by title, author and edition and indicate the pertinent portions to be relied on or used at trial.

14. If you claim that the alleged occurrence resulted from the plaintiff's own lack of care, set forth as fully and specifically as you can what acts, conduct or omissions constituted such lack of due care.

15. State the names and addresses of all consultants or other physicians who saw, examined and treated plaintiff at your request for the condition forming the basis of the complaint, and in relation to all such consultations or examinations by other physicians indicate:

    (a) the reason you requested consultations or further examination;

    (b) when the consultation or examination took place; and

    (c) all opinions or reports rendered to you by the consultant or examining physician.

16. The plaintiff in the complaint alleges that while under your care he/she sustained the injury and disability which is the subject matter of this lawsuit. In relation to such injury and disability, indicate in your opinion the cause of that injury and disability.

17. Did the defendant consider a differential diagnosis in plaintiff's case and, if so, describe in detail each element of the differential diagnosis, the factors considered in arriving at each element, and the circumstances under which it was made.

18. Did defendant ever change any diagnosis he made of plaintiff's condition and, if so, for each change state: a description of the change; date made; the reason he made the change indicating on what facts the change in diagnosis was based. (Answer in detail).

19. While under the treatment of the defendant, did the plaintiff undergo any diagnostic, radiographic, and/or laboratory testing and, if so, for each test state: the name or description of the test; the date and time it was made; the name and address of the place where it was made; the result; the name of the person(s) interpreting the test results; whether the defendant made an independent interpretation from each result; whether a record or report was made of the test and, if so, attach a copy of the result and/or provide the location of the report.

20. Did any other medical practitioner assist defendant in any manner with the treatment of plaintiff and, if so, for each such practitioner, state: his name, address, specialty and qualifications; the date and time of each occasion when he assisted defendant; a description of the assistance he gave defendant; whether defendant notified plaintiff of his assistance, and if so, at what time; whether any record was made of the assistance he gave defendant and if so, identify each record and the name and address of the person who has custody of it; attach hereto a copy of each such record or set forth the contents thereof verbatim.

21. Did defendant ever advise plaintiff or plaintiff's family to seek additional medical help and, if so, for each occasion defendant advised plaintiff, state: the date and place; the reason that prompted defendant to give plaintiff such advice; what defendant advised plaintiff on each occasion.

22. Did the defendant have any difficulty making a diagnosis of plaintiff's condition and/or in the treatment or management of plaintiff's condition and, if so, describe the difficulty, when it arose, how it arose and whether it was overcome.

23. Did any complication manifest itself in the course of or subsequent to any treatment given by defendant to the plaintiff and, if so, for each complication give a description of it, the date and time it manifested itself, the date and time you first became aware of it, the means by which defendant became aware of it, a description of the steps or action defendant took in dealing with it, the date and time defendant took steps or action, whether defendant has an opinion as to the cause of it and if so, give defendant's opinion.

24. Was the treatment rendered to the plaintiff by the defendant the correct treatment and if not, what was the incorrect treatment; why was it incorrect; when did defendant become aware that it was incorrect; and what did the defendant do upon becoming aware that it was incorrect.

25.     Does defendant claim that plaintiff's injuries are caused in whole or in part by any pre-existing condition and, if so, state what pre-existing condition or conditions caused, contributed and/or accelerated plaintiff's eventual injury, the date you became aware of plaintiff's pre-existing problems and whether plaintiff was informed that any preexisting condition increased the risk of the ultimate outcome.

### REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS
### (E-DOCUMENTS PREFERRED)

Plaintiff hereby demands that each defendant answer and produce the requested documents below pursuant to Rule 34 of the Federal Rules of Civil Procedure within thirty (30) days. You may supply any documents electronically by e-mailing them to plaintiff's counsel at ldevoto@rossettidevoto.com. Plaintiff does not wish to inspect any documents and you are instructed to provide the actual documents. These requests for production of documents are continuing.

1)  A complete color copy of the Patient Medical Record, which was maintained by the defendant, including any and all computer data related to this patient. If the chart or any parts thereof are not legible, please provide a transcription pursuant to NJAC 8:43G-15.3(d) or NJAC 13:35-6.5(c)(5) as the case may be. The Patient Medical Record shall be interpreted in the broadest sense and include all hard copy and electronically stored records, consults, drawings, photographs, intake forms, consents, hospital records, lab reports, pathology reports, operative reports, radiology reports, medications, physician notes, nursing notes, phone call records, insurance forms, medical assistant notes, and everything else contained in the patient file.

2)  A complete copy of the Patient Hospital Record, if any portion of said record was maintained or reviewed by the defendant, including any and all computer data related to this patient. If the chart or any parts thereof are not legible, please provide a transcription pursuant to NJAC 8:43G-15.3(d) or NJAC 13:35-6.5(c)(5) as the case may be. The Patient Medical Record shall include:

    a.  The Hospital Electronic Medical Record in its <u>native format</u>, including the Audit Data in its native format.

    b.  The Hospital Electronic Health Record in its <u>native format,</u> including the Audit Data in its native format.

  c.  The Laboratory Electronic Medical Record in its <u>native format,</u> including the Audit Data in its native format.

  d.  The Emergency Department Electronic Medical Record; in its <u>native format,</u> including the Audit Data in its native format.

  e.  The Audit Data, Audit Trail, Audit Logs, in its native format for the electronic medical records;

  f.  The Software Module Extension Program Data for all Electronic Medical Records.

  g.  The Physical Medical Record, (scanned and unscanned);

  h.  Admission record;

  i.  History and Physical;

  j.  Diagnostic tests;

  k.  Operative procedures;

  l.  Consults;

  m.  Nursing notes;

  n.  Physician notes and orders;

  o.  Medications;

  p.  All Laboratory Reports Results;

  q.  All Pathology Reports;

  r.  Discharge summary;

  s.  All scanned and unscanned medical records;

  t.  Photographs, scanned and unscanned; and

  u.  Any other records that make up the Patient Medical Record.

3)  Correspondence of any nature whatsoever to or from the plaintiff.

4)  Original x-ray films, MRIs, CT scans, or other tests.

5)     Incident reports documented in the patient's chart pursuant to NJAC 8:43G-15.3(i).

6)     Bills, receipts, ledger cards, insurance forms, or any other document, which in any way reflects payments made, billed, or recorded.

7)     Notations or records of any sort which purport to memorialize any conversation with the plaintiff or with any member of plaintiff's family or with any other health care provider.

8)     Photographs or other graphic representations or images of the plaintiff or of any portion of the plaintiff's body, scanned and unscanned.

9)     A certification as to the accuracy, authenticity and completeness of any and all records provided in response to this request.

10)     Reports of each and every expert witness who is proposed to testify at trial on behalf of the party upon whom this demand is served.

11)     The complete C.V. of each expert who is proposed to testify at trial on behalf of the party upon whom this demand is served.

12)     The complete C.V. of each defendant doctor upon whom this demand is served.

13)     All incident reports, committee reviews, peer reviews prepared as a result of the treatment rendered to the patient designated in the Complaint, including the following:

      A.     The Occurrence Report;

      B.     Director of Patient Safety Post Incident Analysis;

      C.     Department of Risk Management Request for Quality Assurance Review;

      D.     Quality Assurance/Performance Improvement Review;

      E.     Quality Assurance Response; and

      F.     Utilization Review Committee, Quality Assessment and Improvement Subcommittees.

14)     All medical literature that the defendant utilized or referred to in order to make any medical diagnosis, care or treatment of the plaintiff.

15) Complete copies of any and all medical literature, including textbooks, articles, standards, and the like that defendant or any expert witness will utilize and rely upon at the time of trial.

## STATEMENT OF DAMAGES

The nature of plaintiff's physical and emotional damages are permanent, severe and disabling. Plaintiff's demand for damages is $4,000,000.

## DEMAND FOR COPIES OF ALL SUBPOENAED DOCUMENTS
## (E-DOCUMENTS PREFERRED)

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure for Subpoenas, plaintiff demands notice of all subpoenas before served upon the person to whom it is directed. Additionally, plaintiff hereby demands that copies of all subpoenaed documents by each defendant be produced to plaintiff without further notification within 10 days of receipt. The documents may be supplied electronically by sending them to ldevoto@rossettidevoto.com. This is a continuing demand.

## LOCAL CIVIL RULE 11.2 – CERTIFICATION NOTICE OF OTHER ACTIONS

Pursuant to the provisions of Local Civ. R. 11.2, I hereby certify as follows:

1. The matter in controversy is neither the subject of any other action pending in any other court nor of a pending arbitration or administrative proceeding.

2. I hereby certify that the foregoing statements I have made are true and correct. I certify under penalty of perjury that the foregoing is true and correct.

## DESIGNATION OF TRIAL ATTORNEY

**PLEASE TAKE NOTICE** that pursuant to the provisions of the Rules Governing the Federal Rules of Civil Procedure for the District of New Jersey, Louis J. DeVoto, Esquire, is hereby designated as the attorney who will try this case.

## DEMAND FOR TRIAL BY JURY

**PLEASE TAKE NOTICE** that plaintiff demands a trial by jury as to all issues pursuant to the Rule 38 of the Federal Rules of Civil Procedure.

## AFFIDAVIT OF MERIT

The Affidavit of Merit and CV of Michael S. Drew, M.D., is attached at Exhibit "A".

**ROSSETTI & DEVOTO, P.C.**
Attorneys for Plaintiffs

Dated: August 4, 2020

Louis J. DeVoto